D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, New York 10004
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**BRANDI SIMS,**

       **Plaintiff,**

  v.

**BIRCH FAMILY SERVICES, INC. and**
**MATTHEW STURIALE,**

       **Defendants.**
-------------------------------------------------------x

**CASE NO.:**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Brandi Sims alleges as follows:

## JURISDICTION AND VENUE

1. This diversity action is brought by Plaintiff, a New Jersey citizen who was employed by Defendants as a Direct Service Professional. Plaintiff seeks monetary damages and other relief permitted under the New York State Human Rights Law ("NYSHRL"); N.Y. Exec. Law §§ 290, et seq. and the New York City Human Rights Law ("NYCHRL"), N.Y. Admin. Code §§8-101 et seq.

2. This Court has original federal diversity jurisdiction under 28 U.S.C. § 1332 because this is an action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

1

3. Plaintiff is a citizen and resident of New Jersey. Defendant Birch Family Services, Inc. is a corporation incorporated in New York and headquartered in New York. Upon information and belief, Defendant Matthew Sturiale is an individual residing in New York.

4. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

5. Defendant Birch Family Services, Inc. ("Birch") is a business incorporated in New York and headquartered in Manhattan, NY. Birch provides education and clinical intervention for children with autism and PDD. Services are provided for children from birth to age 16 in the Bronx, Brooklyn, Queens, and Manhattan. Birch provides residential facilities with special staff geared to cater to individuals with autism.

6. Defendant Matthew Sturiale is the owner and CEO of Birch.

7. Plaintiff Brandi Sims worked for Birch from March 2020 until August 4, 2021 as Direct Support Professional ("DSP").

## FACTS

8. Plaintiff Brandi Sims began working for Defendants as a Direct Support Professional in March 2020.

9. Plaintiff worked in Brooklyn at a Birch "household," which is a facility that housed 6 individuals with autism.

10. Plaintiff's duties were, together with several other DSPs, to care for the individuals residing in her household. Plaintiff's duties included cooking meals, cleaning the residence, and showering the residents.

11. Plaintiff's regular schedule was 11:00 p.m. to 9:00 a.m., four days per week.

12. On August 3, 2021, an individual named Craig (last name unknown) became Plaintiff's manager.

13. During Plaintiff's shift that day, Craig walked behind Plaintiff, stood closely behind her, and said "I love standing behind you." Craig did this in the presence of another manager, Nnadozie Emekobum.

14. Plaintiff, offended by the overt sexual harassment, responded, "I don't know why."

15. Craig then said, "I'll whisper it in your ear when we go outside."

16. Witnessing this sexual harassment, Mr. Emekobum told Craig that he could not talk to Plaintiff like that inside or outside the facility.

17. The next day, August 4, 2021, Craig arrived late for work. Craig asked Plaintiff to perform a cleaning task. Plaintiff responded that she had already done it. Craig became belligerent, yelling at Plaintiff, "I know how to fix you up." Craig's bizarre response was obviously in retaliation for Plaintiff rebuffing his sexual advances the day before.

18. After the incident, Plaintiff complained to HR, telling them that Craig had sexually harassed her the day before and that he retaliated against her that morning.

19. Hours later, HR informed Plaintiff that she was terminated from her employment.

20. Until that day, Plaintiff had been an exemplary employee with no disciplinary record.

21. Plaintiff complained about this matter to Defendant Sturiale, Birch's CEO.

22. On August 10, 2021, Plaintiff, at Mr. Sturiale's suggestion, met with Birch's Executive Vice President, Bridget Waldron, via Zoom and informed her of the sexual harassment and the retaliatory discharge. Plaintiff made clear that she wanted her job back.

23. Nonetheless, on August 13, 2021, Defendants told Plaintiff that her termination was final.

**FIRST CLAIM FOR RELIEF**
New York State Human Rights Law – N.Y. Exec. Law §§ 290 *et seq.*
**Gender Discrimination/Sexual Harassment**

24. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

25. In violation of NYSHRL, Defendants intentionally discriminated against Plaintiff on the basis of her gender.

26. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary.

27. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

28. Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily-protected rights.

29. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to lost wages, damages for emotional distress, physical injuries, and medical treatment; punitive damages; pre- and post-judgment interest; attorneys' fees and costs; and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
New York State Human Rights Law – N.Y. Exec. Law §§ 290 *et seq.*
**Retaliation**

30. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

31. In violation of the NYSHRL, Defendants retaliated against Plaintiff for her complaints about gender discrimination/sexual harassment

32. Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily-protected civil rights.

33. As a direct and proximate consequence of Defendants' retaliation against Plaintiff, he has suffered, and continues to suffer, substantial monetary and non-monetary damages, including, but not limited to, emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, humiliation and anguish.

34. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to lost wages, damages for emotional distress, physical injuries, and medical treatment; punitive damages; pre- and post-judgment interest; attorneys' fees and costs; and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(New York State Human Rights Law ("NYSHRL"),
N.Y. Exec. L. §§ 290 *et seq*. – Against Defendant Sturiale)**

35. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

36. In violation of the NYSHRL, Defendant Sturiale aided and abetted discrimination against Plaintiff on the basis of her gender and retaliation against Plaintiff based on her complaint of discrimination.

37. Defendant Sturiale's conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily-protected civil rights.

38. As a result of Defendant Sturiale's unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to lost wages, damages for emotional distress, physical injuries, and medical treatment; punitive damages; pre- and post-judgment interest; attorneys' fees and costs; and such other legal and equitable relief as this Court deems just and proper.

**FOURTH CLAIM FOR RELIEF**
**New York City Human Rights Law ("NYCHRL")**
**N.Y. Admin. L. §§8-101 et seq. – Gender Discrimination/Sexual Harassment**

39. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

40. A copy of this Complaint will be delivered to the New York City Corporation Counsel.

41. In violation of the NYCHRL, Defendants discriminated against Plaintiff on the basis of her gender.

42. As a direct and proximate result of Defendants' discrimination against Plaintiff, he has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary.

43. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial non-monetary damages to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

44. Defendants' conduct is malicious, intended to injure and was done with reckless indifference to Plaintiff's statutorily-protected civil rights.

45. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to lost wages, damages for emotional distress, physical injuries,

and medical treatment; punitive damages; pre- and post-judgment interest; attorneys' fees and costs; and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### NYCHRL Violations, N.Y. Admin. Code §§ 8-107(7) – Retaliation

46. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

47. In violation of NYCHRL, Defendants retaliated against Plaintiff for complaining about gender discrimination/sexual harassment.

48. As a direct and proximate consequence of Defendants' retaliation against Plaintiff, Plaintiff suffered, and continues to suffer, substantial monetary damages, including, but not limited to, a loss of income and employment benefits.

49. Defendants' conduct is malicious, intended to injure and was done with reckless indifference to Plaintiff's statutorily-protected civil rights.

50. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to lost wages, damages for emotional distress, physical injuries, and medical treatment; punitive damages; pre- and post-judgment interest; attorneys' fees and costs; and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
### NYCHRL Violations, N.Y. Admin. Code §§ 8-107(7) –
### Against Defendant Sturiale

51. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

52. In violation of the NYCHRL, Defendant Sturiale aided and abetted discrimination against Plaintiff on the basis of her gender and retaliation against Plaintiff based on her complaint of discrimination.

53. Defendant Sturiale's conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily-protected civil rights.

54. As a result of Defendant Sturiale's unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to lost wages, damages for emotional distress, physical injuries, and medical treatment; punitive damages; pre- and post-judgment interest; attorneys' fees and costs; and such other legal and equitable relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(A) For compensatory and punitive damages in an amount to be determined by the trier of fact;

(B) For reasonable attorneys' fees, interest, and costs of suit;

(C) For pre-judgment and post-judgment interest; and

(D) For such other and further relief as the Court may deem just and equitable.

Dated: New York, New York  
       September 3, 2021

Respectfully submitted,  
JOSEPH & KIRSCHENBAUM LLP

By: /s/D. Maimon Kirschenbaum  
    D. Maimon Kirschenbaum  
    32 Broadway, Suite 601  
    New York, NY 10004  
    Tel: (212) 688-5640  
    Fax: (212) 981-9587

*Attorneys for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.